

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00154-CV

IN THE INTEREST OF L.L.F., T.L.F.,
K.D.B., II, A.A.H., AND N.C.H.,
CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mother attempts to appeal from the trial court's order dated April 14, 2011, in which the associate judge terminated her parental rights to L.L.F., T.L.F., K.D.B. II, A.A.H, and N.C.H. in cause number 323-92486J-10. In the same case, the associate judge terminated alleged biological father T.F.'s parental rights to L.L.F. and T.L.F. and alleged biological father K.B.'s parental

---

[1]See Tex. R. App. P. 47.4.

rights to K.D.B. II. The associate trial judge declined to terminate alleged biological father D.H.'s parental rights to A.A.H. and N.C.H. and appointed D.H. as A.A.H. and N.C.H.'s possessory conservator.

On May 24, 2011, we sent a letter to Mother informing her of our concern that we may not have jurisdiction because her notice of appeal appeared to be premature. We informed Mother that we had received notice that a new petition had been filed in the trial court after the associate trial judge signed the April 14, 2011 order and that it remained pending, making the April 14, 2011 order an unappealable interlocutory order.[2]  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally an appeal may be taken only from a final judgment and that a judgment is final and appealable if it disposes of all parties and all issues); *In re B.F.G.*, No. 02-09-00136-CV, 2009 WL 1996292, at *1 (Tex. App.—Fort Worth July 9, 2009, no pet.) (mem. op.) (dismissing attempted appeal of termination of parental rights for want of jurisdiction when termination order did not dispose of the presumed fathers' parental rights to all four children and did not dispose of mother's parental rights to one child).

We also informed Mother that the April 14, 2011 order had been signed by an associate judge but that appellate deadlines in suits affecting the parent-child relationship are triggered by an order or judgment signed by the district judge. *See* Tex. Fam. Code Ann. § 201.016(b)–(c) (West 2010) (stating that except for

---

[2]The new petition seeks to terminate alleged father W.H.'s parental rights to T.L.F.

agreed orders and default orders, the date an order or judgment by the referring court is signed is the controlling date for purposes of an appeal to the court of appeals). We stated that the parties had until June 13, 2011, to correct the defect in the record by furnishing this court with a signed, final judgment that disposes of all parties and that if no final judgment disposing of all parties had been signed and furnished by that date, we would dismiss the appeal for want of jurisdiction.

Mother's counsel filed a response to our May 24, 2011 letter, asking us to maintain the filings in this case as "premature filings" subject to being deemed "filed" when a final appealable order is entered by the trial court. However, as of June 20, 2011, no trial settings or new final orders had been issued by the trial court in this case. Accordingly, we decline Mother's counsel's invitation to retain this case on our docket for an indeterminate period, and we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: September 8, 2011